**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NIEVES ARAGON, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>BROOKE ROLLINS, in her official capacity as Secretary of Agriculture, *et al.*,<br><br>                             Defendants. | No. 1:26-cv-00861-ABJ |

**THE FOUNDATION FOR GOVERNMENT ACCOUNTABILITY'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

The Foundation for Government Accountability seeks leave under Local Civil Rule 7(o)(2) to file a brief as amicus curiae supporting Defendants' cross-motion for summary judgment, ECF No. 18. Defendants consent; Plaintiffs do not.

**BACKGROUND**

Congress enacted the Food and Nutrition Act of 2008 with the desire to allow States to experiment with different approaches to administering the Supplemental Nutrition Assistance Program. SNAP is an annual program that aims to promote the health and well-being of low-income households by supplementing their food budgets to the tune of more than $100 billion dollars each year. *See* 7 U.S.C. §§2011, 2012(k). Under the statute, enrollees may only use SNAP benefits to purchase sustenance that is covered by the definition of "food" in §2012(k).

So that the program might mature to better meet the needs of its beneficiaries, the statute authorizes the Secretary of Agriculture to approve state-run demonstration projects. *See* 7 U.S.C. §2026. In doing so, the Secretary may "waive any requirement" of the program as necessary to test changes that advance certain permissible purposes—including improving administration of

the program, increasing the self-sufficiency of recipients, and testing reform strategies. *Id.* §2026(b)(1)(A).

Last year, more than twenty States submitted waiver requests seeking to launch pilot programs that would cabin the definition of "food" in §2012(k) by excluding certain items devoid of nutritional value—namely, soda and other sugary junk food. Each State justified its proposal as a means of improving health outcomes, encouraging more nutritious purchases, and aligning SNAP benefits with public health goals. USDA approved each of these proposals. Plaintiffs—five SNAP recipients from five participating States—now challenge those waivers under the Administrative Procedure Act.

## ARGUMENT

The Court would benefit from the perspective of FGA, a nonpartisan, nonprofit organization that helps millions achieve the American dream by improving welfare, work, and healthcare policy on the state and federal level. As explained further in FGA's proposed amicus brief (Exhibit 1), FGA is interested in the Court clarifying the full scope of the USDA's authority to ensure the SNAP program effectively and efficiently improves the diets of low-income families.

FGA works to eliminate dysfunctional welfare policies that are detrimental to beneficiaries and the public fisc. USDA's waivers here are a classic example of such reform—and FGA has supported policies like these for years. *See*, *e.g.*, Foundation for Government Accountability, *Make America Healthy Again: Stop Taxpayer-Funded Junk Food*, perma.cc/AZZ5-QKWH (Jan. 16, 2025). By eliminating sugary drinks and other junk food from eligibility under SNAP, these waivers will offer recipients of food stamps healthier lifestyles and reduce strain on the already overburdened federal healthcare system. Because Plaintiffs seek to enjoin and vacate these waivers, this case strikes at the heart of FGA's mission. FGA has filed many other briefs in cases that

similarly implicate FGA's objectives. *See, e.g.*, *American Association of Ancillary Benefits v. Becerra*, No. 4:24-cv-00783 (E.D. Tex. Jan. 17, 2025), ECF No. 58; *District of Columbia v. U.S. Dep't of Agric.*, No. 1:20-cv-00119 (D.D.C. Feb. 26, 2020), ECF No. 37; Brief for Amicus Curiae Foundation for Government Accountability, *Arkansas v. Gresham*, No. 20-38 (U.S. Jan. 26, 2021).

FGA's proposed amicus brief will assist the Court in ruling on the parties' cross-motions for summary judgment. The brief discusses the expansive authority wielded by the Secretary of Agriculture to "waive any requirement" of the program. 7 U.S.C. §2026(b)(1)(A). It also describes the relevant remedial landscape, including how the Plaintiffs' request for sweeping injunctive relief is squarely foreclosed by the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). Finally, the brief canvasses recent literature to explain the sound basis for the Secretary's determination, including the profound negative health effects from soda and other sugary beverages, as well as downstream costs imposed on the federal healthcare systems by these drinks and other junk foods.

This motion is timely and no party will be prejudiced. Accepting FGA's proposed amicus brief will not delay the Court's consideration of the pending motions for summary judgment. *See* Local Civ. R. 7(o)(2). The proposed brief is submitted seven days after the supported party's principal brief, *cf.* Fed. R. App. P. 29(a)(6), and before the deadline for Plaintiffs to respond to Defendants' motion for summary judgment. This Court frequently grants leave to file amicus briefs in similar circumstances. *See, e.g.*, *Campaign Legal Center v. FEC*, No. 1:20-cv-00809 (D.D.C. Aug. 24, 2021), ECF No. 23 (Jackson, J.) (Institute for Free Speech granted leave to file amicus brief); *United States v. Abloy*, No. 1:22-cv-02791 (D.D.C. Jan. 10, 2023), ECF No. 62 (Jackson, J.) (Jennifer Sturiale granted leave to file amicus brief); *National Treasury Employees Union v. Vought*,

No. 1:25-cv-00381 (D.D.C. Dec. 10, 2025), ECF No. 162 (Jackson, J.) (Former Federal Reserve Officials granted leave to file amicus brief). It should do so here too.

## CONCLUSION

The Court should grant the Foundation for Government Accountability leave to file its proposed amicus brief (Exhibit 1).

Respectfully submitted this 10th day of April, 2026.

/s/Jeffery M. Harris
Jeffrey M. Harris (D.C. Bar #994058)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com

*Counsel for Amicus Curiae*

5