## DECLARATION OF ELIZABETH HOFFER

I, ELIZABETH HOFFER, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1.      My name is Elizabeth Hoffer. I live in Powell, Tennessee.

2.      I am over 18 years old.

3.      I am the Vice President of Weigel Stores, Inc. ("Weigel's").

4.      Weigel's is a Tennessee convenience store operator with 89 stores currently operating across the state. All of our stores participate in the Supplemental Nutrition Assistance Program ("SNAP").

5.      SNAP sales are a vital part of our business, accounting for 7% of our overall sales volumes.

6.      Weigel's is a primary food source in many rural areas and metropolitan communities where food options are already limited. Because 70% of our stores operate 24 hours a day, we are often the only option for SNAP recipients working second or night shifts to purchase food between midnight and 6:00 a.m.

7.      The proposed Tennessee waiver will directly and adversely affect our organization because it applies statewide and mandates changes to longstanding SNAP checkout and compliance practices beginning July 31, 2026.

8.      Currently, SNAP retailers rely on standardized, nationwide coding (via the National Association of Convenience Stores ("NACS") or Grocers associations) that is streamlined, consistent, and efficient. The new waiver replaces this with an item-by-item basis that is expensive, time-consuming, and lacks reliable guidelines.

9.      The waiver is especially burdensome because it restricts SNAP purchases based on technical ingredient-order rules. We currently have approximately 6,000 SKUs

in our store locations. Because we update our SKUs weekly, compliance will require a continual and massive operational effort, including reviewing inventories, coordinating with wholesalers, and revising software and point-of-sale systems.

10. The State has provided no clear guidance or direction on implementation. When asked for help, the State's response was simply that retailers "will figure it out".

11. This creates extreme uncertainty; for example, while a 20oz bottle of Diet Coke remains SNAP-eligible, a 20oz fountain drink is now a "gray area" because there is no way for staff to visually distinguish between regular and diet soda to determine eligibility, nor can they police what is in the cups.

12. Without consistent standards, we expect different retailers will reach different conclusions on the same products. This lack of consistency will create discord with competitors and customers. There will be an unfair advantage for our stores that are near state lines as many residents live near state lines and may now choose to shop in other states.

13. Weigel's is forced to err on the side of restricting products to avoid inadvertent violations. The risk of accidental violation is almost inevitable given the nebulous rules, yet the penalty—loss of our SNAP license—is a risk we cannot afford.

14. The waiver places an unfair burden on our store clerks, who must now explain complex state policies to customers. This leads to contentious interactions and potentially endangers staff when they are forced to deny sales and embarrass customers.

15. Ultimately, the work and expense required to comply may be so prohibitive that it outweighs the benefit of remaining a SNAP-participating retailer, which would severely harm food access for the Tennessee communities we serve.

16.    If given the opportunity, Weigel's would have submitted comments, including comments describing the waiver's practical burdens on Tennessee Retailers, recurring compliance costs, the obstacles to applying the ingredient-order rules on a large scale, the risk to ongoing SNAP participation, and the reduction to food access for communities in Tennessee.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 13, 2026
Powell, Tennessee

_____
ELIZABETH HOFFER
Vice President of Weigel Stores, Inc.